**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4314**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIO REGINALD ROGERS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00120-JAB)

Submitted: November 14, 2007      Decided: December 7, 2007

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Reginald Rogers pled guilty pursuant to a plea agreement to one count of conspiracy to distribute cocaine base (crack), in violation of 21 U.S.C. § 846 (2000), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2007). Three months after he pled guilty and right after he received the presentence investigation report and just before sentencing, Rogers filed a motion to withdraw his guilty plea on the basis that he was not guilty of the offenses and believed he was pressured into pleading guilty. The district court denied the motion. The court continued the sentencing hearing which allowed Rogers time to file another motion to withdraw the guilty plea. Rogers again asserted his innocence. The court denied the motion. On appeal, Rogers challenges the district court's denial of his two motions. Finding no error, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. Factors considered in determining whether a defendant has shown a fair and just reason

for withdrawing a guilty plea include: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Id. Although all the factors in Moore must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We find the Rule 11 proceeding was adequate and Rogers' plea was knowing and voluntary. We further find Rogers failed to credibly assert his legal innocence. In addition, we agree with the district court that if Rogers were allowed to withdraw his plea, it would result in prejudice to the Government and a significant waste of judicial resources.

Accordingly, we affirm Rogers' convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the
court and argument would not aid the decisional process.

AFFIRMED